UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BRYANT HARRIS,<br>      Plaintiff,<br>v.<br><br>GEORG LIEBER, DAVID KENNAMER, RYAN DOBBS, NICOLAS WALLEMAN, VICTORIA DALLAS, ANDREW SNYDER, RODOLFO LOPEZ, KARIANN NELSON, BRIAN ROSS, ROBERT PICKELL, CHRISTOPHER SWANSON, MONICA WILSON, GENESEE COUNTY, DANIEL EDMONSON, GENESEE COUNTY SHERIFF'S DEPT., and MARK ROSS,<br>      Defendants.<br>_____/ | Case No.: 20-11113<br><br>David M. Lawson<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**REPORT AND RECOMMENDATION: DEFENDANTS' WILSON, ROSS, AND GENESEE COUNTY SHERIFF'S DEPARTMENT'S MOTIONS TO DISMISS (ECF Nos. 22, 32, 33)**

## I.     PROCEDURAL HISTORY

Plaintiff Bryant Harris filed this civil rights suit on December 1, 2020 without the assistance of counsel. (ECF No. 1). This matter was referred to the undersigned for all pretrial matters. (ECF No. 11). Defendants Monica Wilson and Mark Ross filed motions to dismiss (ECF Nos. 22, 32), and Genesee County

Sheriff's Department filed a motion for judgment on the pleadings (ECF No. 33). Plaintiff filed timely responses to Defendants Wilson and Ross's motions to dismiss. (ECF Nos. 36, 38). Plaintiff, however, did not file a response to Genesee County Sheriff's Department's motion to dismiss. Wilson filed a reply brief to Plaintiff's response. (ECF No. 39). Plaintiff also filed a "brief in opposition to Defendants [sic] answer and motion to dismiss," (ECF No. 29), which appears to be a response to the answer filed on behalf of the non-moving defendants, not a response to a motion to dismiss.

For the reasons discussed below, the undersigned **RECOMMENDS** the motions to dismiss (ECF Nos. 22, 32) and motion for judgment on the pleadings (ECF No. 33) be **GRANTED**, and that the moving defendants be dismissed from this matter.

## II.   COMPLAINT ALLEGATIONS

Plaintiff brought this action pursuant to 42 U.S.C. § 1983 alleging violations of the First, Fourth, Fifth, Six, Eighth, and Fourteenth Amendments to the United States Constitution. (ECF No. 1, PageID.8). According to the complaint, on August 22, 2019, Plaintiff was arrested by members of law enforcement due to his alleged involvement in human trafficking and computer related crimes. (*Id.* at PageID.11). The complaint fails to provide sufficient details regarding the respective actions of those involved. Nevertheless, Plaintiff asserts

the arrest, the search of his cellular telephone, and his subsequent detention until October 3, 2019 were unlawful.

Pertinent to the pending motions, Plaintiff maintains defendants Wilson and Ross provided allegedly ineffective assistance of counsel as his public defenders. From what can be gleaned from the complaint, Plaintiff sues the Genesee County Sheriff's Department for monitoring his telephone conversations and retaining him in custody following his bond being posted.

Defendant Monica Wilson was appointed as Plaintiff's public defender. Plaintiff contends Wilson "acted jointly when allowing officials to violate [Plaintiff's] due process rights." (ECF No. 1, PageID.10). He further asserts Wilson "refused to investigate per Plaintiff's request, failed to file motions at [his] request and let the courts hold five separate probable cause conferences without [him] having the opportunity to be present." (*Id.* at PageID.11). When Plaintiff requested Wilson file discovery motions, Wilson withdrew from the representation prior to Plaintiff's October 2, 2019 preliminary examination hearing. On October 2, 2019, the aforementioned charges related to human trafficking and computer related crimes against Plaintiff were dismissed. Subsequently, on October 6, 2019, Plaintiff was separately charged with two counts of transporting a person for prostitution and additional computer related crimes. Similar to the initial charges, the allegations were dismissed January 22, 2020. (*Id.*).

3

Plaintiff maintains defendant Ross provided ineffective assistance of counsel while acting as Plaintiff's court-appointed attorney. He alleges Ross "allowed Genesee courts to hold 4-5 separate probable cause conferences without Plaintiff present" between November 14, 2019 and January 16, 2020. Plaintiff contends Ross failed to inform him of the discussions and the status after the hearings concluded. Plaintiff further alleges Ross did not file motions for discovery despite an impending May 2020 trial date. (*Id.* at PageID.20).

Plaintiff continues, during the court proceedings in 2019, the Genesee County Sheriff's Department monitored his telephone conversations as part of an investigation. (*Id.* at PageID.19). Plaintiff claims detectives would allegedly contact and question everyone with whom he spoke. Plaintiff also maintains the Sheriff's Department continued to hold him in custody until March 25, 2019 even though the conditions concerning his bond were satisfied on March 19, 2019. (*Id.* at PageID.22).

### III. ANALYSIS AND RECOMMENDATIONS

#### A. Standard of Review

Defendants Wilson and Ross filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Defendant Genesee County Sheriff's Department filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) for failure to state a claim on which relief can be granted. The standard of review for a motion for

4

judgment on the pleadings under Rule 12(c) is substantially the same as that for a motion to dismiss under Rule 12(b). *See Kottmyer v. Maas*, 436 F.3d 684, 689 (6th Cir. 2006) ("A rule 12(c) motion for judgment on the pleadings for failure to state a claim upon which relief can be granted is nearly identical to that employed under a Rule 12(b)(6) motion to dismiss.") (citations omitted).

When deciding a motion to dismiss under Rule 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Furthermore, the Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even in pleadings drafted by *pro se* parties, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). "[C]ourts may not rewrite a complaint to include claims that were never presented . . . nor may courts construct the Plaintiff's legal arguments for him. Neither may the Court 'conjure up unpled allegations[.]'" *Rogers v. Detroit Police Dept.*, 595 F. Supp. 2d 757, 766 (E.D. Mich. 2009) (Ludington, J., adopting report and recommendation of Binder, M.J.); *see also, Evans v. Mercedes Benz Fin. Servs., LLC*, 2011 WL 2936198, at *2 (E.D. Mich. July 21, 2011) ("Even excusing plaintiff's failure to follow Rules 8(a)(2) and 10(b), a *pro se* plaintiff must comply with basic pleading requirements, including Rule 12(b)(6).").

 B. <u>Discussion</u>

  1. Defendants Wilson and Ross

Wilson raises two arguments for her dismissal: (1) she was not served within 90 days after the complaint was filed, and (2) she was not a "state actor" for purposes of § 1983. (ECF No. 22). Ross argues he is entitled to dismissal because he was not a "state actor" subject to suit under § 1983. (ECF No. 32). In response to Wilson's motion, Plaintiff asserts it was the responsibility of the United States

6

Marshal Service to serve the complaint on Wilson because he is proceeding *in forma pauperis* in this matter. He also professes Wilson acted jointly with Genesee County when she attended probable cause hearings and failed to consult with Plaintiff prior to or following the hearings. (ECF No. 36, PageID.215-16). In response to Ross's motion to dismiss, Plaintiff attests his due process rights were violated when he was not present at probable cause hearings and that Ross's refusal to investigate the claims and file motions constitutes ineffective assistance of counsel. (ECF No. 38, PageID.230-31).

 Plaintiff's case against his court appointed attorneys should be dismissed because Plaintiff failed to state a claim on which relief can be granted pursuant to 42 U.S.C. § 1983. Two elements are necessary to properly state a cause of action pursuant to § 1983. The plaintiff must plead and prove (1) that some person has deprived him of a federal right, and (2) that the person has done so under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). "It is firmly established that a public defender or a court-appointed defense counsel, while acting in that capacity, is not a state actor for purposes of § 1983." *White v. Robertson-Deming*, 9 F. App'x 418, 419-20 (6th Cir. 2001) (citing *Polk County v. Dodson*, 454 U.S. 312, 321 (1981)); *Floyd v. County of Kent*, 454 F. App'x 493, 497 (6th Cir.2012) (public defender could not be liable in *pro se* § 1983 suit for ineffective assistance of counsel brought by former client, as he did not act under

color of state law when performing traditional functions as counsel for the accused). The allegations against Wilson and Ross are premised on their actions as Plaintiff's defense counsel. There are no allegations suggesting either defendant was acting outside his or her capacity as such.

Plaintiff attempted to state a claim against Wilson for acting "jointly" to violate Plaintiff's due process rights. Wilson's argument that Plaintiff failed to state a conspiracy claim is well-taken. Where a private actor jointly participates with a state in alleged constitutional wrongdoing, the private actor is engaged in state action. *See e.g.*, *Dennis v. Sparks*, 449 U.S. 24 (1980). A civil conspiracy under § 1983 is "an agreement between two or more persons to injure another by unlawful action." *Hensley v. Gassman*, 693 F.3d 681, 695 (6th Cir. 2012) (quoting *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985). Pursuant to prevailing jurisprudence, "conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987).

Plaintiff's single sentence allegation that Wilson acted jointly with Genesee County and the Sheriff's Department does not state a viable conspiracy claim against her. There are no material facts to demonstrate an agreement between co-conspirators, a conspiratorial objective, or an overt act in furtherance of a

conspiracy. The allegation is vague and conclusory, and therefore insufficient to hold Wilson liable pursuant to § 1983.

Finally, Plaintiff appears to assert in his response brief that Wilson was a supervisor personally involved in violating his constitutional rights because she handled his criminal case. (ECF No. 36, PageID.216). This argument should not be considered because the complaint does not contain an allegation Wilson acted in the capacity of a supervisor. Instead, the allegations in the complaint concerning Wilson rest on her actions or alleged inactions as Plaintiff's counsel, nothing more.

Defendants Wilson and Ross should be dismissed from this case. Plaintiff's complaint does not establish that either defendant was acting under color of state law as Plaintiff's court appointed attorney.[1]

2. Genesee County Sheriff's Department

Named Defendant Genesee County Sheriff's Department argues for dismissal because the Sheriff's Department does not exist as a legally cognizable entity. (ECF No. 33, PageID.205-06). Although being Ordered to file a response to the Sheriff's Department's motion, (ECF No. 34), Plaintiff elected to not file a response. The Court warned "**[f]ailure to file a response may result in sanctions, including granting all or part of the relief requested by the moving party.**"

---

[1] In light of the recommendation to dismiss Wilson because she was not a state actor, the undersigned will not address her first argument for dismissal—Plaintiff's failure to serve her with the complaint.

9

(ECF No. 34) (emphasis in original). The motion should be granted for Plaintiff's failure to respond and for the reasons further explained below.

The Sheriff's Department is not a proper party in this case because it is not a legal entity capable of being sued. As explained by another Court in this Circuit,

> Michigan is a jurisdiction in which the sheriff and prosecutor are constitutional officers, and there does not exist a sheriff's department or a prosecutor's office. Instead, the sheriff and the prosecutor are individuals, elected in accordance with constitutional mandates. Mich. Const. Art. 7, § 4. Since the sheriff's department and the prosecutor's office do not exist, they obviously cannot be sued.

*Hughson v. County of Antrim*, 707 F. Supp. 304, 306 (W.D. Mich. 1988); *see also Veliz v. Bouchard*, 2008 WL 719251, at *1 (E.D. Mich. Mar. 14, 2008) ("[U]nder Michigan law the Sheriff's Department is not a separate legal entity from Oakland County, and therefore not subject to suit."); *Tucker v. Benzie Cnty. Sheriff's Dept.*, 2017 WL 8894640, at *7 (W.D. Mich. Jan. 30, 2017) (collecting cases). The proper party is Genesee County, which Plaintiff named in this lawsuit. Accordingly, defendant Genesee County Sheriff's Department should be dismissed.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that Defendants Wilson and Ross's motions to dismiss (ECF Nos. 22, 32) and Genesee

County Sheriff's Department's motion for judgment on the pleadings (ECF No. 33) be **GRANTED**, and that these defendants be **DISMISSED** from this case.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection

No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  April 9, 2021                s/Curtis Ivy, Jr.
                                    Curtis Ivy, Jr.
                                    United States Magistrate Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 9, 2021, by electronic means and/or ordinary mail.

                                    s/Kristen MacKay
                                    Case Manager
                                    (810) 341-7850