UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BRYANT HARRIS,<br>    Plaintiff,<br>v.<br><br>GEORG LIEBER, DAVID KENNAMER, RYAN DOBBS, NICOLAS WALLEMAN, VICTORIA DALLAS, ANDREW SNYDER, RODOLFO LOPEZ, KARIANN NELSON, BRIAN ROSS, ROBERT PICKELL, CHRISTOPHER SWANSON, MONICA WILSON, GENESEE COUNTY, DANIEL EDMONSON, GENESEE COUNTY SHERIFF, and MARK ROSS,<br>    Defendants.<br>_____/ | Case No.: 20-11113<br><br>David M. Lawson<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (ECF No. 42)**

Plaintiff Bryant Harris initiated this prisoner civil rights suit on March 26, 2020, without the assistance of counsel. (ECF No. 1). This case was referred to the undersigned for all pretrial matters. (ECF No. 11).

On April 12, 2021, Harris filed a motion for appointment of counsel. (ECF No. 42). In support of the motion, Harris contends he is indigent, has no legal training, and his case is factually and legally complex involving several officers

and a number of claims. He argues his placement in segregation (for an unstated amount of time) will prevent him from visiting the law library. Further, because he is an inmate, Harris asserts he will not be able to effectively locate and obtain discovery from witnesses or prosecute his case. (*Id.* at PageID.276-77).

Under 28 U.S.C. § 1915(e)(1), a federal court may request an attorney to represent an indigent plaintiff. *Reneer v. Sewell*, 975 F.2d 258 (6th Cir. 1992). There is no constitutional right to the appointment of counsel in civil cases. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25–27 (1981). Except in rare circumstances, it is the practice of this Court to consider the appointment of counsel in prisoner civil rights cases only where exceptional circumstances exist, or in certain cases only after a motion to dismiss or for summary judgment has been decided. *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) ("It is a privilege that is justified only by exceptional circumstances."). In order to make the determination whether there are exceptional circumstances to appoint counsel, the Court considers the type of case involved, plaintiff's ability to represent himself, as well as the complexity of the case, and also whether the claims being presented are frivolous or have a small likelihood of success. *Reneer*, 975 F.2d at 261; *see also Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1995).

Although Harris brought different claims against many defendants, his claims do not appear overly complex. Moreover, his briefs and other filings with

the court demonstrate that he has an adequate understanding of the issues and matters involved in this case, and has an adequate understanding of litigation. The difficulties a prisoner-litigant may have in preparing the case and conducting discovery "are present in every prisoner civil rights case" and such difficulties are not to be considered as necessitating appointment of counsel. *Lafountain v. Martin*, 2009 WL 3255099, at *1 (W.D. Mich. Oct. 5, 2009); *see also Ouellette v. Hills*, 2016 WL 5941829, at *2 (E.D. Mich. Oct. 13, 2016) ("Assistance in conducting discovery does not constitute an exceptional circumstance."). Harris has a variety of discovery tools at his disposal during the discovery period, including conducting depositions by written questions and sending discovery requests to the defendants targeted at identifying and locating witnesses. Thus, his status as a prisoner should not unduly impede his ability to conduct discovery.

Should Harris' lack of access to the law library delay his ability to respond or bring a motion to this Court, he may file a simple request for enlargement of time explaining the circumstances. Should a dispositive motion be decided in plaintiff's favor on the merits of his claims, he may re-file the motion for the appointment of counsel.

For the reasons stated above, Harris' motion to appoint counsel (ECF No. 42) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date:  April 29, 2021	s/Curtis Ivy, Jr.
	Curtis Ivy, Jr.
	United States Magistrate Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 29, 2021, by electronic means and/or ordinary mail.

	s/Kristen MacKay
	Case Manager
	(810) 341-7850